1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FRED DALE BECK,

11            Petitioner,            No. CIV S-08-0584 LKK EFB P

12       vs.

13   WARDEN, Avenal State Prison,
                                     ORDER AND
14            Respondent.            FINDINGS AND RECOMMENDATIONS

15   _____/

16       Petitioner is a state prisoner with counsel seeking a writ of habeas corpus.  *See* 28 U.S.C.

17   § 2254.  This action proceeds on the March 14, 2008, petition.  Currently pending before the

18   court are petitioner's response to the court's August 7, 2008, order to show cause and

19   respondent's motion to dismiss this action as untimely.  This matter was set for hearing on

20   October 29, 2008.  *See* L.R. 78-230(b).  However, petitioner's counsel was ill and could not

21   appear.  Therefore, the parties stipulated to submitting the matter on the papers.  Accordingly,

22   the court discharges the order to show cause.

23       For the reasons explained below, the court finds that the petition is late and recommends

24   that respondent's motion to dismiss be granted.

25   ////

26   ////

1

## I.      Procedural History

On January 13, 2004, petitioner was convicted of various offenses in California.  Resp.'s Mot. to Dism., Docs. Lodged in Supp. Thereof (Lodged Doc.) 1.  Petitioner appealed, and the judgment was affirmed.  Lodged Doc. 2.  He requested the California Supreme Court to review the appellate court's decision,  Lodged Doc. 3, and that request was denied on July 13, 2005. Lodged Doc. 4.  As explained below, petitioner's conviction was final 90 days later, i.e., October 11, 2005.  Then, 334 days later, on September 11, 2006,  he filed a petition for a writ of habeas corpus in the trial court.  Lodged Doc. 5.  That court denied relief on October 18, 2006, in part because the petition was not timely under state law.  Lodged Doc. 6.  On December 7, 2007, he sought relief in the appellate court, which denied relief without comment on December 13, 2007. Lodged Docs. 7, 8.  Finally, he sought relief in the California Supreme Court on December 21, 2007, which denied relief on January 30, 2008.  Lodged Docs. 9. 10.

Apparently believing that the petition would be deemed filed the date it was mailed, counsel attempted on February 22, 2008, to mail the federal petition for filing. Pet., Attach. 1. However, the postal service returned it because counsel had not personally delivered it to the post office.  *Id.*  Thus, counsel personally delivered the petition to the post office for mailing. Forty-three days after the California Supreme Court's denial of post-conviction relief, on March 14, 2008, petitioner filed his federal habeas application.

This court directed respondent to file a response to the petition.  On June 27, 2008, respondent filed a motion to dismiss and noticed the matter for hearing.  *See* L.R. 78-230(c). Petitioner failed to file an opposition or a statement of non-opposition.  Thus, on August 7, 2008, the court issued an order directing petitioner's counsel to show cause for his failure to respond to the motion and to file an opposition thereto.  Petitioner timely responded.

## II.      Order to Show Cause

In his response to the order, petitioner's counsel explained that his wife has been extremely ill, and this illness has distracted him from his law practice.  Counsel candidly states

1    that he will accept any sanctions imposed by the court.  The court accepts counsel's explanation

2    and, in light of counsel's circumstances and timely response to the order to show cause, declines

3    to impose sanctions.  The order to show cause is discharged.

4    **III.    Motion to Dismiss**

5         **A.    Standards**

6         A one-year limitation period applies to applications for writs of habeas corpus filed by

7    state prisoners.  28 U.S.C. § 2244(d)(1).  The habeas statutory scheme provides that the

8    limitation period is tolled for "[the time during which a *properly filed* application for State post-

9    conviction or other collateral review . . . is *pending* . . . ." 28 U.S.C. § 2244(d)(2) (emphasis

10   added).  In California, a properly filed post conviction application is "pending" during the

11   intervals between a lower court decision and filing a new petition in a higher court.  *Carey v.*

12   *Saffold*, 536 U.S. 214, 223 (2002).  A motion is deemed "properly filed" when "its delivery and

13   acceptance are in compliance with the applicable laws and rules governing filings," including the

14   time for filing.  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  Where a state court has denied a post-

15   conviction motion as untimely, that motion was not "properly filed," for purposes of 28 U.S.C.

16   § 2244(d)(2).  *Pace DiGuglielmo*, 544 U.S. 408, 414 (2005).

17        A court may grant equitable tolling when "extraordinary circumstances beyond a

18   prisoner's control make it impossible to file a petition on time."  *Calderon v. United States*

19   *District Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc).  "When external forces,

20   rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable

21   tolling of the statute of limitations may be appropriate."  *Miles v. Prunty*, 187 F.3d 1104, 1107

22   (9th Cir. 1999).  These circumstances must actually cause the untimeliness.  *Spitsyn v. Moore*,

23   345 F.3d 796, 799 (9th Cir. 2003).

24        **B.    Analysis**

25        Respondent contends that the petition was filed more than one year after his conviction

26   was final.  He argues that the petitioner is not entitled to statutory tolling because all of the post-

1  conviction motions filed in state court were untimely under California law and, therefore, were
2  not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2).

3       Petitioner concedes that the state courts denied relief on the ground of untimeliness.
4  However, he argues that the trial court's denial of habeas relief was erroneous, and that in any
5  event he is entitled to equitable tolling. The court finds that by focusing on whether petitioner's
6  motions for post-conviction relief in the state courts were "properly filed," the parties miss the
7  most basic point. The petition is untimely regardless of whether the post-conviction motions
8  were properly filed. Moreover, petitioner has not demonstrated that he is entitled to equitable
9  tolling.

10      i.  **The Petition is Untimely Regardless of Whether the Post-Conviction**
           **Motions were "Properly Filed"**
11

12      The first inquiry in any analysis concerning the timeliness of an action must be when the
13  limitation period began to run. In this case, there is no question that the period commenced
14  when the petitioner's conviction became final on direct review. *See* 28 U.S.C. § 2244(d)(1)(A).
15  The conviction became final 90 days after the California Supreme Court denied the petitioner's
16  request for review of the appellate court's decision. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th
17  Cir. 1999). Thus, the conviction was final on October 11, 2005. Petitioner therefore had until
18  October 11, 2006, to file his federal application. He filed it on March 14, 2008. Absent tolling
19  the application is late and this action must be dismissed.

20      Thus, the next inquiry is whether statutory tolling applies, and if so, whether enough time
21  is tolled to make any difference. If the petition is untimely *with* the extra time provided by
22  tolling, then it cannot be timely *without* it. Here, petitioner used 334 days between October 11,
23  2005, the date his conviction became final, and September 11, 2006, the date he filed a post-
24  conviction motion in the trial court. After the trial court denied relief, petitioner proceeded in an
25  orderly fashion to the appellate court and to the California Supreme Court, which denied relief
26  on January 30, 2008. Petitioner already had used 334 days of the limitation period and, with

1  tolling, he therefore had 31 days remaining from January 30, 2008, to file his federal petition.

2  That 31 days expired on February 22, 2008.  Petitioner did not file the federal petition until

3  March 14, 2008.  Therefore, even with statutory tolling the federal petition is nearly one month

4  late.  The court now turns to the question of equitable tolling.

5  **ii.  Equitable Tolling**

6  The next inquiry is whether petitioner can prove grounds for equitable tolling that would

7  warrant deeming the federal petition to be timely.  *See Miranda v. Castro*, 292 F.3d 1063, 1065

8  (9th Cir. 2002) (petitioner has the burden of proving entitlement to equitable tolling).  Petitioner

9  argues that his attorney's mishandling the mailing of the petition provides a basis for granting

10  equitable tolling.  However, it is well established that attorney negligence generally is not an

11  extraordinary circumstance.  *See Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001)

12  (counsel's miscalculation of filing date not an extraordinary circumstance).  Here, petitioner

13  alleges that on February 22, 2008, counsel attempted to mail the federal petition for filing, but it

14  was returned by the postal service because counsel had not personally delivered it to the post

15  office.  Thus, counsel had to personally deliver the petition for mailing, which accounts for the

16  filing date of March 14.

17  However, this circumstance, while arguably outside of petitioner's control, does not

18  affect the petition's timeliness.  The Local Rules of this Court require parties represented by

19  counsel to file electronically unless they obtain permission from the assigned judge or magistrate

20  judge to file in paper.[1]  L. R. 77-121(d), 5-133(a), (b).  Through counsel, petitioner filed his

21  application in paper, and it was deemed filed on March 14, 2008, the date it was received by the

22  Clerk of the Court.  L.R. 5-134(a).  It appears that petitioner's counsel simply did not know that

23  the court utilizes electronic filing.  Moreover, it appears that counsel assumed that the petition

24  would be deemed filed as of the date he mailed it.  However, a habeas petition is deemed filed

25

26  [1] Nothing in the record shows that counsel obtained permission to file in paper.

5

1   the date it is mailed only if the petitioner is proceeding without counsel.  *See Houstan v. Lack*,

2   487 U.S. 266, 276 (1988) (for a prisoner without counsel, a notice of appeal is deemed timely

3   filed as of the date it was delivered to prison staff to be mailed to the court).  Counsel's lack of

4   awareness about this court's electronic filing rules and about the applicability of the prisoner

5   mailbox rule apparently resulted from negligence.  However, as noted, under *Frye*, counsels

6   conduct here cannot constitute extraordinary circumstances that would warrant equitable tolling.

7   *See Frye v. Hickman*, 273 F.3d at 1146.

8          Petitioner also argues that in deciding when to file his federal application, he in good

9   faith relied on Ninth Circuit precedent that later was overruled.  The Ninth Circuit recently held

10  that state prisoners may seek equitable tolling for having delayed filing a federal petition based

11  on Ninth Circuit precedent that subsequently is invalidated.  *See Harris v. Carter*, 515 F.3d

12  1051, 1056 (9th Cir. 2008).  Petitioner asserts that he delayed filing in federal court based on

13  *Dictado v. Ducharme*, 244 F.3d 724, 727-28 (9th Cir. 2001), in which the Ninth Circuit held that

14  in a state with exceptions to its timeliness rules for post-conviction motions, an untimely motion

15  was "properly filed" for purposes of § 2244(d)(2).  The United States Supreme Court overruled

16  *Dictado* on April 27, 2005, when it held that regardless of exceptions to a state's rules, an

17  untimely state post-conviction application is not "properly filed."  *Pace v. DiGugliemo*, 544 U.S.

18  408, 413-414 (2005).  The state courts found that the post-conviction motions were untimely

19  under California's rules.  Petitioner's counsel concedes as much.  But he argues that he is

20  entitled to the benefit of § 2244(d)(2) because he in good faith relied on *Dictado*, and therefore

21  "he could pursue relief in state courts without jeopardizing his ability to file a federal habeas

22  petition."  *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008).  The argument fails.

23         As respondent notes in his reply, petitioner pursued post-conviction relief in the state

24  courts *after* the Supreme Court overruled *Dictado*.  *Pace* was decided on April 27, 2005.

25  ////

26  ////

1  Petitioner began pursuing post-conviction relief in the state courts nearly five months later, on

2  September 11, 2006, when he filed a habeas petition in the trial court.  It simply is not possible

3  for petitioner to have relied on *Dictato* in deciding when to file his federal application.  Thus, he

4  has failed to demonstrate that he is entitled to equitable tolling under *Harris*.

5  **IV.  Conclusion**

6      For the reasons explained, the court finds that the March 14, 2008, petition for a writ of

7  habeas corpus is untimely.  Respondent's motion must be granted and this action must be

8  dismissed.

9      Accordingly, it is hereby ORDERED that the August 7, 2008, order to show cause is

10  discharged.

11      Further, it is RECOMMENDED that respondent's June 27, 2008, motion to dismiss be

12  granted and this action be dismissed as untimely.

13      These findings and recommendations are submitted to the United States District Judge

14  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days

15  after being served with these findings and recommendations, any party may file written

16  objections with the court and serve a copy on all parties.  Such a document should be captioned

17  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

18  within the specified time may waive the right to appeal the District Court's order. *Turner v.*

19  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

20  Dated:  November 24, 2008.

21

22                          EDMUND F. BRENNAN
                            UNITED STATES MAGISTRATE JUDGE
23

24

25

26