IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED DALE BECK,

    Petitioner,                        No. CIV S-08-0584 LKK EFB P

    vs.

WARDEN, Avenal State Prison,

    Respondent.                  ORDER

_____/

        Petitioner, a state prisoner proceeding through counsel, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On November 25, 2008, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Petitioner filed objections on December 12, 2008, and respondent filed a response to petitioner's objections on January 16, 2009.

////

////

////

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the entire file, the court finds that the magistrate judge miscalculated the number of days that elapsed between when petitioner's conviction became final and the date he filed a post-conviction motion in the trial court, and miscounted the days between the denial of post-conviction relief in the California Supreme Court and the day by which petitioner had to file his habeas petition. Adjusting for these errors, the court finds that the federal petition was due on Saturday, March 1, 2008, which is prohibited by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 6(a)(3). Thus, petitioner's application was not due until Monday, March 3, 2008.  *Id.*   However, this error does not affect the outcome. The magistrate judge found that the petition was nearly one month late. Correcting for the errors, the federal petition was 11 days late. All other findings are supported by the record and by proper analysis. The application for a writ of habeas corpus is untimely and this action must be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed November 25, 2008, are adopted in all respects, except with regard to the one-day error in calculating the day the limitations period began to run;

2. Respondent's June 27, 2008, motion to dismiss is granted;

3. This action is dismissed as untimely; and

4. The Clerk is directed to close the case.

DATED: March 5, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT