IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED DALE BECK,

    Petitioner,                      No. CIV S-08-0584 LKK EFB P

    vs.

WARDEN, Avenal State Prison,

    Respondents.                  <u>ORDER</u>

/

        Petitioner, a state prisoner proceeding pro se, timely has filed a notice of appeal of this court's March 6, 2009, dismissal of his application for a writ of habeas corpus on the ground that he filed beyond the one-year limitations period. Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

        A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).

        Where, as here, the petition was dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it

1

debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 1604 (2000)). In seeking a certificate of appealability, petitioner attempts to satisfy both of these issues.[1]

After careful review of the entire record herein, this court finds that petitioner has not satisfied the first requirement for issuance of a certificate of appealability in this case. As explained in the magistrate's findings and recommendations of November 25, 2008, as modified by this court's order of March 6, 2009, the limitations period expired on March 3, 2008, unless the petitioner was entitled to equitable tolling. The petition was filed on March 14, 2008, eleven days later. This filing was on paper, whereas Local Rules 77-121(d) and 5-133(a), (b) require electronic filing by parties represented by counsel. Petitioner argues that he is entitled to equitable tolling because his counsel attempted to mail the petition on February 22, 2008, only to have delivery of the petition delayed for noncompliance with a new United States Postal Service rule requiring that parcels over a certain weight be mailed in person at a USPS counter, rather than deposited in an outgoing mailbox.

The magistrate concluded that counsel's ignorance of the USPS rule was arguably the result of negligence. More importantly, the magistrate concluded that regardless of whether ignorance of the USPS rule was negligent, counsel's failure to comply with Local Rules 77-121(d) and 5-133(a), (b), which require electronic filing by parties represented by counsel, was

---

[1] Petitioner also discusses difficulty in identifying the signature block on this court's March 6, 2009 order. It is unclear whether this discussion is meant to indicate that petitioner's motion, filed 40 days thereafter, is timely because of a tolling theory. Because this court denies the request for a COA on the merits, the court need not address this issue. Petitioner's allegation that the difference in font between the signature block and the text of the order indicates a lack of thorough review by the undersigned is without merit.

negligent.[2] Because of these rules, even has the postal service delivered the petition, that delivery would not have constituted timely filing. The Ninth Circuit has established that attorney negligence is generally not an extraordinary circumstance warranting equitable tolling. *See Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) ("miscalculation of the limitations period by Frye's counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling"). In this case, there is no showing that jurists of reason would find it debatable whether the failure to consult the local rules regarding electronic filing was attorney negligence, and consequently, there is no showing that the decision to deny equitable tolling was debatable. Accordingly, petitioner has not satisfied the first prong of *Morri*s, and this court need not address the second prong. A certificate of appealability should not issue in this action.

IT IS SO ORDERED.

DATED: May 19, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2] Counsel for petitioner apparently relied upon a contrary rule in the Central District of California. The fact that counsel may have complied with the rules of another district does not render counsel's failure to adhere to this district's rules non-negligent.